UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD P. SQUIRES, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>JUAN A. ALVAREZ, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 3:24-CV-00588<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Pending before the Court is a motion for default judgment filed pursuant to Fed. R. Civ. P. 55 by Plaintiffs Richard P. Squires ("Mr. Squires") and Geri Squires ("Mrs. Squires") (collectively, "Plaintiffs"), against Defendants Juan A. Alvarez ("Alvarez"), Daynight Transport, LLC ("Daynight"), Whatever Trucking, LLC ("Whatever Trucking"), and John Doe ("Doe") (collectively, "Defendants"). (Doc. 9). On April 8, 2024, Plaintiffs filed their complaint seeking relief for injuries sustained by Mr. Squires after he was involved in a truck accident with Defendants on or about September 6, 2022. (Doc. 1). On June 7, 2024, the Clerk of Court entered a default against Defendants. (Doc. 8). On November 21, 2024, the Court conducted a hearing to determine Plaintiffs' damages. Defendants did not appear. For the following reasons, Plaintiffs' motion for default judgment is **GRANTED**. (Doc. 9).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is taken from the complaint and for the purposes of the instant motion, are taken as true. (Doc. 1). On or about September 6, 2022, Mr. Squires was operating a tractor trailer traveling northbound on Route 93, in Nescopeck Township, Luzerne County, Pennsylvania. (Doc. 1, ¶ 8). At the same time, Alvarez was operating a tractor trailer possessed by Daynight and/or Whatever Trucking also traveling northbound

on Route 93 behind Mr. Squires. (Doc. 1, ¶ 9). Alvarez was operating his tractor at an unsafe speed and quickly approached Mr. Squires. (Doc. 1, ¶ 9). As Alvarez approached Mr. Squires, he failed to brake, causing the tractor trailers to collide, become stuck, and continue downhill while striking a guide rail before finally coming to a stop. (Doc. 1, ¶ 9). As a result of the accident, Mr. Squires suffered injuries, lost wages, incurred medical expenses, pain and suffering, and loss of enjoyment of life. (Doc. 1, ¶¶ 13-31). Mrs. Squires incurred loss of consortium and financial loss in connection with her husband's injuries. (Doc. 1, ¶¶ 13-31).

On April 8, 2024, Plaintiffs filed the instant lawsuit against Defendants, seeking compensatory damages, punitive damages, and attorney's fees resulting from a vehicular accident. (Doc. 1). On June 7, 2024, Plaintiffs filed an affidavit of service and a request for entry of default. (Doc. 7; Doc. 7-1). On June 7, 2024, the Clerk of Court filed an entry of default against Defendants. (Doc. 8). On July 16, 2024, Plaintiffs filed a motion for default judgment against Defendants. (Doc. 9). On November 21, 2024, the Court held a hearing on the motion for default judgment, however, only Plaintiff attended. To date, no counsel has entered an appearance on the Defendants' behalf and the Defendants have not filed any documents with the Court in connection with this case.

## II.    LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). *See 10A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure § 2682 (3d ed. 2007) (noting that, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment

under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (*citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Even so, a court may "enter a default judgment based solely on the fact that the default occurred" without considering the Chamberlain factors if the defendant has been properly served but fails to appear, plead, or defend an action. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, No. 1:12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." *See Wright et al.*, at § 2688; Broad. *Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court must ... ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law'" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint ... are accepted as true and treated as though they were established by proof." *See E. Elec. Corp. of N.J. v. Shoemaker Const.*

3

*Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III. DISCUSSION

As an initial matter, the Court finds that Plaintiffs' unchallenged allegations in the complaint, when taken as true, state a legitimate cause of action for negligence, gross negligence, recklessness, and loss of consortium. (Doc. 1). Plaintiffs have adequately pleaded their claims and thereafter supported them through their exhibits, affidavits, and testimony. (Doc. 1; Doc. 9; Doc. 8; Doc. 12; Doc. 13; Doc. 15; Doc. 16). Furthermore, the Court finds that the factors set forth in *Chamberlain v. Giampapa*, "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct," weigh in favor of entering default judgment against Defendants. 210 F.3d at 164.

First, Plaintiffs will be prejudiced if the Court declines to enter default judgment. This prejudice stems from the fact that Plaintiffs would be unable to otherwise obtain relief or pursue their case due to Defendants' failure to respond. *See Broadcast Music, Inc. v. Kujo Long, LLC*, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced ... by their current inability to proceed with their action due to [d]efendants' failure to defend.").

Second, Defendants do not appear to have a litigable defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$ 55,518.05 in U.S. Currency*, 728 F.2d at 195 (*citing Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). Here,

Defendants have failed to file an answer. "Accordingly, the Court is unable to conclude from Defendant's silence that he has a viable, litigable defense." *Westfield Ins. Co. v. Arnold*, No. 1:23-CV-00784, 2023 WL 4977765, at *5 (M.D. Pa. Aug. 3, 2023), *motion for relief from judgment denied*, No. 1:23-CV-00784, 2024 WL 3927257 (M.D. Pa. Aug. 23, 2024); *see also Laborers Loc. Union 158 v. Fred Shaffer Concrete*, No. 10-cv-01524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011).

Third, "despite being served with a summons and copy of the complaint, Defendant has failed to enter an appearance or file an answer to the complaint and has offered no reasons for his failure to do so," and thus the Court cannot determine Defendants' culpability. *Westfield Ins. Co.*, 2023 WL 4977765, at *5. "In [the] context [of a default] culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). Although the undersigned is reluctant to attribute bad faith to Defendants simply for their failure to act in this case, the record reflects that Defendants have been on notice of this action since April of 2024. (Doc. 2; Doc. 4; Doc. 5; Doc. 6). Plaintiffs have made several attempts to locate and notify Defendants of this action and motion, using three different addresses. (Doc. 9-3, at 1-2; Doc. 13, at 1-2). Despite service of the complaint, the motion for default judgment and accompanying documents, and notice of the evidentiary hearing and oral argument, Defendants have failed to respond to the complaint, attend the hearing, or take any other action to defend this lawsuit for over several months and have offered no reasons for their failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." *Kline*, 2019 WL 1354150, at *3 (*quoting Innovative Office Prods., Inc. v. Amazon.com, Inc.*, No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012)). In the absence of an excuse or justification for Defendants' failure to participate in this litigation, the

undersigned must conclude that the delay is the result of Defendants' culpable conduct. *See Kline,* 2019 WL 1354150, at *3; *Laborers Local Union 158,* 2011 WL 1397107, at *2. This all considered, the Court is satisfied that the *Chamberlain* factors weigh in favor of entering default judgment in Plaintiffs' favor. Accordingly, the Court **GRANTS** Plaintiffs' motion for default judgment. (Doc. 9).

Having determined that Plaintiffs are entitled to the entry of default judgment, the Court next must calculate Plaintiffs' damages. Having considered the record before it, the Court will grant Plaintiffs an award of $50,000. In making this determination, the Court has considered photographs of the accident, testimony, medical records, workers' compensation documents, and the estimated out-of-pocket medical bills paid by Plaintiffs. Accordingly, judgment shall be entered in favor of Plaintiffs and against Defendants in the amount of $50,000.

IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment (Doc. 9) is **GRANTED**. Judgment is entered in favor of Plaintiffs and against Defendants in the amount of $50,000. The Clerk of Court shall mark this matter as **CLOSED**. An appropriate order follows.

**Dated: February 24, 2025**   *s/ Karoline Mehalchick*
                                **KAROLINE MEHALCHICK**
                                **United States District Judge**